# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DORA CSUHA,** Plaintiff, v. **BEST FRIENDS ANIMAL SOCIETY,** Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 1:19-CV-1-DAK-DBP Judge Dale A. Kimball |

This matter is before the court on Plaintiff Dora Csuha's Motion to Exclude Expert Testimony [ECF No. 24]. The parties have fully briefed the motion, and the court issues the following Memorandum Decision and Order based on the parties' submissions and the facts and law relevant to the motion.

The parties dispute whether Defendant timely disclosed non-retained experts. Defendant disclosed its non-retained experts on January 13, 2020. Plaintiff argues that Defendant should have disclosed its experts on October 9, 2019, the date for supplementing initial disclosures. However, the initial disclosure deadline is not applicable to expert designation. The court agrees with Defendant that the deadlines for expert disclosures are the more relevant deadlines.

Defendant disclosed its non-retained expert on the scheduling order's deadline for counter designations. Defendant asserts that it was a proper and timely counter designation because it does not bear the burden of proof. The December 13, 2019 deadlines for expert disclosures was for the party bearing the burden of proof. Plaintiff claims that Defendant bears

the burden of proof that the reason for terminating Plaintiff's employment was nondiscriminatory. However, this misstates the *McDonnell Douglas* framework. Defendant's burden is only of production, not of proof. *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 969 (10th Cir. 2017).

Plaintiff also argues that Defendant's designation was not a proper counter designation because she did not designate any retained experts on December 13, 2019, the initial date for expert disclosures. However, given that the scheduling order allows for the designation of experts on the counter disclosure deadline, Plaintiff cannot claim any prejudice or surprise from a designation made on that date nor can she claim that such a designation would disrupt the proceedings. *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). While there appears to be no serious harm to Plaintiff from Defendant's designation, there is ample time to cure any alleged harms prior to trial in September. Plaintiff can conduct whatever expert discovery is necessary during that time. The court will allow expert discovery to be conducted until July 6, 2020. Accordingly, the court denies Plaintiff's motion to exclude expert testimony.

DATED this 9th day of April, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge