IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DORA CSUHA,<br><br>      Plaintiff,<br>v.<br><br>BEST FRIENDS ANIMAL SOCIETY<br>A Utah Corporation,<br><br>      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Civil Case No. 1:19-cv-00001-DAK<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Plaintiff's Motion in Limine to Exclude Journal Notes. (ECF No. 54.) The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court feels a hearing is unnecessary to resolve this motion and issues the following Memorandum Decision and Order.

### BACKGROUND

On January 2, 2019, Plaintiff filed her action against Defendant Best Friends Animal Society ("Best Friends"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964. (ECF No. 2.) Specifically, Plaintiff asserts that her termination from employment as a veterinarian at Best Friends' Ogden, Utah facility was discriminatory in violation of the Pregnancy Discrimination Act and the Family and Medical Leave Act. (ECF No. 2.) Under the parties' Amended Scheduling Order, fact discovery closed on November 8, 2019. (ECF No. 23.) A four-day jury trial is scheduled to begin on September 20, 2021. (ECF No. 59.)

On January 7, 2021, Plaintiff filed her Motion in Limine, asking the court to exclude her personal journal notes and any questions or testimony pertaining thereto. (ECF No. 54.) Plaintiff argues that the journal entries are not relevant to any claims or defenses in this matter, are highly prejudicial, and cannot properly be used for impeachment purposes.[1] (ECF No. 54.) Defendant responded by arguing that the journal entries rebut Plaintiff's claim that she was fired for a discriminatory purpose, their relevance outweighs any potential prejudice, and they demonstrate her mental state before her termination—which is germane to her emotional distress claims. (ECF No. 61 (sealed).)

## DISCUSSION

Plaintiff's complaints about the journal entries implicate Rules 401 and 403 of the Federal Rules of Evidence. Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "A fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict, but it only needs to have any tendency to do so." *United States v. Ballou*, 59 F. Supp. 3d 1038, 1048 (D.N.M. 2014) (citing *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir.2007)). In short, the standard for relevance is liberal. *United States v. Leonard*, 439 F. 3d 648, 651 (10th Cir. 2006). That is not to say, however, that all relevant evidence is admissible. Indeed, "even relevant evidence should be excluded under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of

---

[1] Plaintiff's Motion includes a section regarding Rule 608 of the Federal Rules of Evidence. At this point, Defendant is not attempting to use Plaintiff's journal entries to attack Plaintiff's character for truthfulness. Accordingly, the court need not address this argument at this time.

unfair prejudice, confusing the issues, or misleading the jury." *Bird v. W. Valley City*, 831 F. App'x 881, 887 (10th Cir. 2020) (unpublished) (citations and internal formatting omitted).

Rule 403 states, in relevant part, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . . unfair prejudice, . . . confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. "It is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir.2006) (citation omitted). This means that "[e]vidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Curtis,* 344 F.3d 1057, 1067 (10th Cir.2003) (internal quotation marks omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted) (emphasis in original).

In this instance, Plaintiff argues that all the journal entries are either irrelevant or unfairly prejudicial. For ease in addressing Plaintiff's arguments, the court will group Plaintiff's complaints and the journal entries into three categories: (I) Plaintiff's doubts regarding her surgical abilities; (II) negative commentary on Plaintiff's work environment, coworkers, and Best Friends; and (III) Plaintiff's mental state prior to her termination. The court will address the admissibility of each of these categories of journal entries in turn.

**I.    Entries Regarding Surgical Abilities**

Some of Plaintiff's journal entries discuss Plaintiff's thoughts about her surgical experience and skill. The parties disagree about the relevance of such entries. Plaintiff argues that her entries expressing doubt about her surgical abilities are not relevant to her claims

3

because these doubts pertain to insecurities she had during veterinary school and that these entries are not substantive evidence of her skills as a surgeon. Defendant argues that Plaintiff's commentary about these issues provides a link in the chain of inferences suggesting that Plaintiff did, in fact, lack the skill to competently perform her work. The court finds that only some of these entries are relevant. Specifically, the court is unpersuaded that Plaintiff's entries expressing doubt about her surgical skill during veterinary school are relevant. Any entries—or portions of entries—discussing uncertainty about Plaintiff's skill while in veterinary school are too remote in time to be probative of Plaintiff's skill during her time of employment at Best Friends. Any commentary about Plaintiff's insecurities, abilities, or skill while employed by Best Friends is, however, relevant to Defendant's claim that Plaintiff lacked the skill to competently perform her work. Accordingly, the court will exclude any portion of Plaintiff's journal entries that discuss Plaintiff's thoughts about her skill as a veterinarian while she was in school (which she attended from 2007–2011). The court will allow the entries detailing Plaintiff's skill or insecurities about her abilities so long as these entries pertain to her abilities after Best Friends hired Plaintiff in November 2016.

## II. Commentary on Best Friends

Some of Plaintiff's journal entries contain negative commentary about her job, coworkers, and her work environment. Plaintiff argues that these entries are irrelevant because Defendant has only ever argued that it terminated her due to a single instance regarding an allegedly substandard procedure Plaintiff performed on Lucky the cat. Thus, argues Plaintiff, her descriptions of her dissatisfaction with her job and coworkers are not relevant to any of Defendant's claims or defenses. In response, Defendant argues that it terminated Plaintiff, in

part, because she did not maintain necessary work hours and because she was hostile or otherwise unprofessional with her coworkers. The court agrees with Defendant.

Defendant has placed Plaintiff on notice that it intends to demonstrate that Plaintiff was terminated for reasons beyond the allegedly deficient procedure performed on Lucky the cat. Specifically, Defendant has stated that Plaintiff's

> employment was terminated because she was unable to perform a basic emergency procedure that was a common complication as a result of an ovariohysterectomy. This procedure, *compounded with other performance issues already addressed with [Plaintiff]*, presented concern for her ability to continue to perform the expected duties as the sole veterinarian at the Ogden clinic.

(Def. Suppl. Answer to Interrog. No. 4 (emphasis added).) Defendant has also raised this issue in numerous depositions. (ECF No. 61 at 6 (referencing three depositions where this very issue was raised) (sealed).) When looking at the claims and defenses asserted throughout this case, Defendant is clearly arguing that it terminated Plaintiff for reasons beyond the incident involving Lucky the cat. Accordingly, the court finds that the journal entries containing Plaintiff's commentary about her job, coworkers, and work environment are relevant to the claims and defenses in this case and are, therefore, admissible.

   III.   **Plaintiff's Mental State Prior to Her Termination**

A few of Plaintiff's journal entries contain descriptions of alcohol consumption and depressive episodes. Plaintiff makes only conclusory arguments that these entries are not relevant. According to Plaintiff, these entries are irrelevant because Defendant is attempting to use these entries to try and prove that Plaintiff had a drinking problem that impaired her job performance. Defendant's response, however, seems to indicate that it intends to use these entries to show that Plaintiff suffered from episodes of emotional distress, depression,

humiliation, and anxiety before her termination from Best Friends. There is no indication that Defendant intends to use this evidence for other purposes. [2]

In this case, Plaintiff claims that Defendant's alleged misconduct caused her "to suffer emotional distress, depression, humiliation, and anxiety." (Pl.'s Initial Disclosures at 7.) By claiming emotional distress damages, Plaintiff has placed her mental state at issue in this case. Thus, Plaintiff's mental state before and after she was terminated is critical to a determination of what, if any, emotional distress occurred because of Plaintiff's termination from Best Friends. Accordingly, Plaintiff's own journal entries describing her mental state before her termination are extremely probative of this issue and are, therefore, relevant.

Plaintiff's real issue with these entries seems to be that she believes that the entries regarding her alcohol consumption contain intensely private information that could create undue prejudice or mislead or confuse the jury. The court disagrees. As noted above, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, . . . confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. The court is not convinced that the entries describing alcohol consumption will create undue prejudice, confuse the issues, or mislead the jury about Plaintiff's claims of emotional distress.

First, regarding confusing or misleading the jury, these risks are almost entirely eliminated by the fact that these journal entries are so highly relevant to the issue of Plaintiff's

---

[2] It does not appear that Defendant is attempting to show Plaintiff had a drinking problem that interfered with her ability to competently perform her job. The court's Memorandum Decision and Order does contemplate whether the journal entry evidence may be properly used for that purpose. Thus, if the Defendant attempts to use these entries to prove Plaintiff's alcohol consumption interfered with her ability to competently perform her job, the court would be willing to entertain an objection or another motion in limine.

emotional distress claims. Accordingly, the court finds that that journal entries detailing her alcohol consumption or depressive episodes would not confuse or mislead the jury.

Second, regarding unfair prejudice, the court is similarly unpersuaded that the probative value of these entries is "substantially outweighed" by the danger of unfair prejudice. Most importantly, these entries are highly probative of Plaintiff's emotional distress claims and, therefore, the evidence is not "substantially outweighed" by any danger of unfair prejudice. *See United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2011) ("[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly.") Additionally, evidence of alcohol consumption does not increase the risk that jurors will decide on an improper basis. To be more specific, alcohol consumption is not the type of behavior that would "provoke[] an emotional response in the jury or otherwise . . . affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to" the merits of Plaintiff's claims. *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (citation omitted) (emphasis in original).

For the foregoing reasons, the court finds that Plaintiff's journal entries detailing her mental and emotional state—including her alcohol consumption—prior to being terminated from Best Friends is admissible under Rules 401 and 403 of the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Journal Notes (ECF No. 54) is GRANTED in part and DENIED in part. Plaintiff's Motion is GRANTED as to the journal entries and questions related to her dating life, vacations, and similarly irrelevant and personal matters. Additionally, Plaintiff's journal entries detailing her thoughts about her skill as a veterinarian while she was in school (from 2007–2011) are inadmissible. These entries and

related questions are irrelevant to this case. Plaintiff's Motion is DENIED regarding journal entries: (1) detailing her thoughts about her skill as a veterinarian after being hired by Best Friends in November 2016; (2) describing her dissatisfaction with her job, coworkers, and work environment; and (3) recounting her alcohol consumption and mental and emotional state before being terminated from Best Friends. These journal entries and related questions are relevant and nonprejudicial and are, therefore, admissible.

DATED this 4th day of March, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge